## IN THE FRANKLIN COUNTY MUNICIPAL COURT, COLUMBUS, OHIO
## CIVIL DIVISION

**Angel Poynter**
253 Cross Wind Drive
Westerville, Ohio 43081,

    Plaintiff,                      Case No.

vs.

**Physiotherapy Associates, Inc.**      Judge:
Statutory Agent:
CSC-Lawyers Incorporating Service
50 West Broad Street, Suite 1800
Columbus, Ohio 43215,

and

**West Asset Management, Inc.**
Statutory Agent:
CSC-Lawyers Incorporating Service
50 West Broad Street, Suite 1800
Columbus, Ohio 43215,

    Defendants.

## COMPLAINT

### I. FACTS COMMON TO ALL COUNTS

Plaintiff Angel Poynter, by and through counsel, sets forth her complaint against Defendants Physiotherapy Associates, Inc. and West Asset Management, Inc., individually and jointly and severally, as follows:

1. Plaintiff Angel Poynter is a resident of Franklin County, Ohio.

2. At all times relevant herein, Plaintiff was a consumer obligated or allegedly obligated to pay a debt as defined by the Ohio Consumer Sales Practices Act.

1

3. Upon information and belief Defendant Physiotherapy Associates, Inc. (hereinafter "Physiotherapy") is a company in the State of Michigan, authorized to and conducting business in Franklin County, Ohio.

4. Upon information and belief Defendant West Asset Management, Inc. (hereinafter "West") is a company in the State of Delaware authorized to and conducting business in Franklin County, Ohio.

5. At all times relevant herein, Defendant West acted as a debt collector that used instrumentalities of interstate commerce or the mails for its principal business purpose of collection of debts or regularity collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. Upon information and belief, at all times relevant herein, Defendant West acted as an agent for Defendant Physiotherapy.

7. This Court has jurisdiction over this action as all parties are either residents of the State of Ohio, or are companies conducting business in the State of Ohio, and all conduct giving rise to the claims set forth herein occurred within the State of Ohio.

8. Venue is proper in the Franklin County Court of Common Pleas under Ohio Civil Rule 3(b), as Franklin County, Ohio is the county in which the Defendants conducted certain activity that gives rise to some or all of the causes of action asserted in this Complaint.

9. During 2010, Plaintiff received treatment from Defendant Physiotherapy a total of four times for medical issues resulting from a vehicle accident.

10. As a result of the treatments received from Defendant Physiotherapy, Plaintiff incurred a bill in the amount of $1,196.

11. On June 8, 2011 Plaintiff contacted Defendant Physiotherapy to seek a settlement on the bill.

2

12. Plaintiff spoke on the telephone to an employee of Defendant Physiotherapy and was directed to fax a letter to the Defendant requesting a "lien reduction."

13. On June 8, 2011 Plaintiff faxed a letter to Defendant Physiotherapy (copy attached as Exhibit A) requesting a settlement on her account in the amount of $300.

14. On August 11, 2011 Plaintiff mailed a personal check (copy attached as Exhibit B) to Defendant Physiotherapy, along with a letter of settlement. The check had the words "accord and satisfaction" written clearly on the memo line.

15. On August 23, 2011 Defendant Physiotherapy negotiated Plaintiff's settlement check.

16. After Plaintiff's settlement check was negotiated, Defendant Physiotherapy sent Plaintiff's account to Defendant West for the purpose of collecting the original amount of $1,196 from Plaintiff.

17. Plaintiff began receiving collection phone calls from Defendant West in November, 2011.

18. Defendant West stated to Plaintiff that her actual bill with Defendant Physiotherapy was $1,496, and that the $300 settlement left a balance of $1,196, which misled the Plaintiff into an incorrect understanding of her bill.

19. Plaintiff attempted to explain to the agents of Defendant West that the debt in question had already been settled, however Defendant's agents continued to contact Plaintiff to collect the alleged debt.

20. Plaintiff contacted Defendant Physiotherapy to inquire into the debt collection, and was told that Defendant Physiotherapy had never received the settlement check.

3

21. Defendant Physiotherapy refused to instruct Defendant West to cease collections, ever after Plaintiff sent a copy of the cashed settlement check to Defendant Physiotherapy.

22. An agent of Defendant Physiotherapy admitted to Plaintiff during a telephone call that Plaintiff's account had been mishandled.

23. On December 11, 2011 Plaintiff faxed a copy of the settlement letters and the cashed personal check to Defendant West; along with written notification that the Defendant's agents were to no longer contact the Plaintiff via telephone.

24. Subsequent to receipt of Plaintiff's December 11 letter, Defendant's agents continued to contact Plaintiff for purposes of collecting the alleged debt.

25. On December 21, 2011 Plaintiff received a letter from Defendant West informing her that the Defendant was engaged in collecting a debt from her. This letter arrived more than five (5) days after Defendant West's initial communication with Plaintiff.

26. Plaintiff requested verification of the debt from Defendant West several times, but never received any written verification from them.

27. Several times during telephone conversations with Plaintiff, Defendant West acknowledged that Plaintiff's settlement check had been received and cashed, but insisted that the debt was still owed.

## COUNT ONE

28. Plaintiff hereby incorporates Paragraphs 1 through 23 as if fully rewritten herein.

29. Defendant West, for itself and as an agent for all other Defendants, violated the Fair Debt Collection Practices Act and committed unfair practices against Plaintiff.

4

a. A violation of 15 U.S.C. §1692(g), by failing to cease collection efforts when Plaintiff disputed the alleged debt;

b. A violation of 15 U.S.C. §1692(g) by failing to provide notice in writing within 5 days after the initial communication, a written notice containing-

   i. The amount of the debt;

   ii. The name of the creditor to whom the debt is owned

   iii. A statement that unless the consumer, within thirty days after receipt of notice, disputes the validity of the debt or any portion thereof, the debt will be assumed to be valid by the debt collector;

   iv. A statement that if the consumer notifies the debt collector in writhing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debts collector;

   v. A statement, that upon consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

c. A violation of 15 U.S.C. § 1692(e) by providing false or misleading representations that Plaintiff could not dispute the debt;

d. A violation of 15 U.S.C. § 1692(e) by providing false or misleading representations about the amount and legal status of the debt;

5

    e. A violation of 15 U.S.C. § 1692(e) by false or misleading threats of action that was not intended to be taken;

    f. A violation of 15 U.S.C. § 1692(d) engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including by:
        i. using or threating of use of violence or other criminal means to harm the physical person, reputation, or property of any person;
        ii. using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;
        iii. causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and
        iv. the placement of telephone calls without meaningful disclosure of the caller's identity.

30. As a result of the above violations of the Fair Debt Collection Practices Act, Defendants jointly are liable to Plaintiff in the amount of Plaintiff's actual damages, statutory damages of $1,000, costs and attorneys' fees, and punitive damages, with interest computed from date of judgment.

## COUNT TWO

31. Plaintiff hereby incorporates Paragraphs 1 through 23 as if fully rewritten herein.

32. During her visits to their place of business in 2010, Plaintiff entered into a "consumer transaction" as defined in R.C. 1345.01(a) with Defendant Physiotherapy. Said transaction consisted of providing physical therapy services to the Plaintiff.

6

33. Plaintiff is a "consumer" as defined by R.C. 1345.01(d).

34. Defendant Physiotherapy is a "Supplier" as defined by R.C. 1345.01(c).

35. Defendant West is a "Supplier" as defined by R.C. 1345.01(c), and the decision in *Foster vs. D.B.S. Collection Agency*, 463 F.Supp.2d 783 (S.D. Ohio 2006).

36. Defendants' conduct as alleged herein was deceptive and unconscionable in violation of R.C. 1345.02 and R.C. 1345.03. Said acts and practices include, but are not limited to, the providing of false and misleading information in the collection of an alleged debt.

37. In connection with said conduct, Defendants committed such acts that have been determined by Courts of this State and County to violate R.C. 1345.02 and 1345.03 and/or to be deceptive and unconscionable acts, as well as in violation of the Administrative Rules enacted thereunder and the cases filed for public record pursuant to R.C. 1345.05. Said acts were committed after such decisions were made available for public inspection. Defendants knowingly committed said unfair, deceptive and unconscionable acts.

38. As a result of Defendants unfair, deceptive and unconscionable acts, Plaintiff is entitled to treble the amount of actual damages or $250, whichever is greater. Plaintiff is also entitled to costs, attorney's fees, and punitive damages in the amount of $5,000, interest on total award to be computed from date of judgment.

**WHEREFORE**, Plaintiff demands judgment in Count 1 for actual damages, statutory damages, and punitive damages, plus costs, and reasonable attorney's fees pursuant to the provisions of the FDCPA in the amount of $7,500, and any further relief available or that this Court deems appropriate. Plaintiff demands judgment in Count 2 for actual damages, statutory damages, and punitive damages, plus costs, and reasonable attorney's fees pursuant to R.C. § 1345.09(F)(2) in the amount of $7,500, and any further

relief available or that this Court deems appropriate. Furthermore, Plaintiff requests an Order that Defendants Physiotherapy and West are held jointly and severally liable.

Respectfully submitted;

_Shannon E. Dawes (0086318)_
Dawes & Parks, LLC
169 East Livingston Avenue
Columbus, Ohio 43215
(614) 461-1516
(614) 461-1520
shannon@dawesandparks.com

_Kelly C. Parks (0087740)_
Dawes & Parks, LLC
169 East Livingston Avenue
Columbus, Ohio 43215
(614) 461-1516
(614) 461-1520
kelly@dawesandparks.com

## INSTRUCTIONS FOR SERVICE

Please issue service of this Complaint upon the Defendants at the addresses below by certified mail service, return receipt requested, to:

**Physiotherapy Associates, Inc.**
Statutory Agent:
CSC-Lawyers Incorporating Service
50 West Broad Street, Suite 1800
Columbus, Ohio 43215

**West Asset Management, Inc.**
Statutory Agent:
CSC-Lawyers Incorporating Service
50 West Broad Street, Suite 1800
Columbus, Ohio 43215,

_Shannon Dawes (0086318)_